NATIONAL WATERWORKS, INC v INTERNATIONAL
FIDELITY & SURETY, LTD

Docket No. 272117. Submitted April 11, 2007, at Detroit. Decided April
    17, 2007, at 9:00 a.m.

    National Waterworks, Inc., a subcontractor to a subcontractor in a
    construction project, brought an action in the Macomb Circuit
    Court against International Fidelity & Surety, Ltd., seeking pay-
    ment under a surety bond covering the general contractor. The
    case was assigned to Judge John C. Foster but was reassigned by
    Chief Judge Antonio P. Viviano to Judge Mary A. Chrzanowski, to
    whom two cases involving the general contractor and the property
    owner and involving the general contractor and the subcontractor
    to whom the plaintiff was a subcontractor were previously as-
    signed. Judge Chrzanowski granted summary disposition to the
    defendant, ruling that the plaintiff has no claim under the bond
    because the general contractor was not yet required to pay the
    subcontractor to whom the plaintiff was a subcontractor and that
    the plaintiff failed to satisfy the preliminary notice requirements
    of the bond. The plaintiff appealed.

        The Court of Appeals held:

        1. Chief Judge Viviano did not abuse his discretion in reassign-
    ing this case to Judge Chrzanowski. MCR 8.111(D) provides that if
    one of two or more actions arising out of the same transaction or
    occurrence has been assigned to a judge, the other action or actions
    must be assigned to that judge. This case arose from the same
    transaction or occurrence as the other two actions before Judge
    Chrzanowski. All three cases present issues stemming from the
    same construction project. Contrary to the plaintiff's contentions,
    Chief Judge Viviano complied with a requirement of MCL 8.111
    that the reason for reassignment be stated in writing and the court
    rule provides no time limit for reassigning an action.

        2. Judge Chrzanowski did not clearly err in determining that
    the plaintiff, by sending notice before last furnishing materials,
    had not strictly complied with the statute governing bonds of
    contractors for public buildings and works, MCL 129.207 et seq.,
    nor with the notice requirements of the bond, and that strict
    compliance is required to recover under the bond.

Affirmed.

SURETYSHIP AND GUARANTEE — SURETY BONDS — BONDS OF CONTRACTORS FOR PUBLIC BUILDINGS AND WORKS.

Strict compliance with the provisions of a statute governing surety bonds covering contractors for public buildings or works and with the notice provisions of the bond is required to recover under the bond (MCL 129.201 *et seq.*).

*Foster, Swift, Collins & Smith, P.C.* (by *Dirk H. Beckwith*), for the plaintiff.

*Honigman Miller Schwartz and Cohn LLP* (by *Stuart H. Teger* and *Jill L. Marr*) for the defendant.

Before: DONOFRIO, P.J., and FITZGERALD and MARKEY, JJ.

DONOFRIO, P.J. Plaintiff, National Waterworks, Inc., appeals as of right the trial court's judgment that granted summary disposition to defendant, International Fidelity & Surety, Ltd., under MCR 2.116(I)(2) and denied plaintiff's motion for summary disposition. This case arises out of a project for the design and construction of a new fire station in Harrison Township. Because the trial court did not err in reassigning this matter under MCR 8.111(C), and did not err in granting summary disposition to defendant, we affirm.

I

Plaintiff was a subcontractor on the fire station construction project, working for another subcontractor called M.V.A. Contracting (MVA). Defendant is a surety company that bonded the general contractor, Columbia Construction Services-Michigan (Columbia). Harrison Township did not pay Columbia in full for the project. As a result, plaintiff did not get paid for the project. Plaintiff filed this suit against defendant seeking pay-

ment under the surety bond. The trial court granted summary disposition in favor of defendant because it ruled that plaintiff did not meet the notice requirements set forth in the bond and plaintiff was not entitled to payment under the bond because there is an ongoing dispute between the general contractor and the subcontractor that must be resolved before the payment becomes due. This appeal followed.

II

Plaintiff argues that Chief Judge Antonio P. Viviano of the Macomb Circuit Court erroneously issued an order of reassignment under MCR 8.111(C), reassigning this case from Judge John C. Foster to Judge Mary A. Chrzanowski. The interpretation and application of court rules is a question of law to which the rules of statutory interpretation apply and is reviewed de novo on appeal. *Hinkle v Wayne Co Clerk,* 467 Mich 337, 340; 654 NW2d 315 (2002). Because the chief judge has the discretion to reassign cases for "good cause," the abuse of discretion standard also applies. MCR 8.111(C). Therefore, we review de novo whether the trial court properly applied and complied with the court rule, but apply the abuse of discretion standard to the decision to reassign the case. The abuse of discretion standard recognizes that there may be no single correct outcome in certain situations; instead, there may be more than one reasonable and principled outcome. When the trial court selects one of these principled outcomes, it has not abused its discretion and so the reviewing court should defer to the trial court's judgment. An abuse of discretion occurs when the trial court chooses an outcome falling outside the principled range of outcomes. *Maldonado v Ford Motor Co,* 476 Mich 372, 388; 719 NW2d 809 (2006); *People v Babcock,* 469 Mich 247, 269; 666 NW2d 231 (2003).

Before plaintiff filed this lawsuit, other parties involved in the construction project filed two other lawsuits in the Macomb Circuit Court. Columbia filed suit against Harrison Township (the Harrison Township matter) and MVA filed a complaint against Columbia and defendant seeking payment from Columbia for its work on the project (the MVA matter). Judge Chrzanowski was assigned and heard both cases. Plaintiff then filed the instant lawsuit against defendant. After Judge Foster conducted the hearing on the motions for summary disposition in this case, the chief judge issued an order reassigning this case from Judge Foster to Judge Chrzanowski. The order stated that the reassignment was because this case arose out of the same transaction or occurrence as the other cases previously assigned to Judge Chrzanowski.

The court rule relevant to the reassignment of judges is MCR 8.111, which provides in pertinent part:

(C) Reassignment. If a judge is disqualified or for other good cause cannot undertake an assigned case, the chief judge may reassign it to another judge by a written order stating the reason. To the extent feasible, the alternate judge should be selected by lot. The chief judge shall file the order with the trial court clerk and have the clerk notify the attorneys of record. The chief judge may also designate a judge to act temporarily until a case is reassigned or during a temporary absence of a judge to whom a case has been assigned.

(D) Actions Arising Out of Same Transaction or Occurrence. Subject to subrule 8.110(C),

(1) if one of two or more actions arising out of the same transaction or occurrence has been assigned to a judge, the other action or actions must be assigned to that judge;

(2) if an action arises out of the same transaction or occurrence as a civil action previously dismissed or trans-

ferred, the action must be assigned to the judge to whom
the earlier action was assigned . . . .

Plaintiff first argues that the order of reassignment
was untimely because this case was pending for more
than six months before the reassignment. But, MCR
8.111 does not provide a time limit for reassigning an
action. Plaintiff relies only on a Michigan criminal case
for the proposition that " '[t]he general rule is that it is
error requiring reversal to substitute a judge to preside
over the remainder of a trial in which evidence was
adduced while the original judge was presiding.' "
*People v McCline*, 442 Mich 127, 131; 499 NW2d 341
(1993) (quoting from the dissenting opinion in the
Court of Appeals decision in the case, 197 Mich App
711, 719; 496 NW2d 296 [1992]). The present case is
factually distinguishable from *McCline* because this
case is a civil case and, significantly, trial was not
already in progress and no testimonial evidence had
been offered.

Second, plaintiff contends that the chief judge failed
to comply with MCR 8.111 because he did not state in
writing his reasons for believing that this case arose
from the same transaction or occurrence as the Harri-
son Township matter. The court rule states that the
chief judge may reassign the case to another judge by a
written order stating the reason. In his order of reas-
signment, the chief judge stated he was reassigning the
case because it "arises out of the same
transaction/occurrence as File No. 05-3175-CK which
was previously assigned to Judge Chrzanowski."
Plainly, the chief judge did state a reason for the
reassignment and complied with MCR 8.111.

Third, plaintiff contends that reassignment of this
case was improper because it did not arise out of the
same transaction or occurrence as the Harrison Town-

ship and MVA matters previously assigned to Judge Chrzanowski. Actions arise from the same transaction or occurrence only if each arises from the identical events leading to the other action. *Wayne Co Prosecutor v Parole Bd*, 210 Mich App 148, 156; 532 NW2d 899 (1995). This Court has stated that an example of actions arising from the same transaction or occurrence would be "several actions separately brought by various passengers of a train which derailed." *Armco Steel Corp v Dep't of Treasury*, 111 Mich App 426, 437; 315 NW2d 158 (1981), aff'd 419 Mich 582 (1984). The underlying cause of this lawsuit was Harrison Township's failure to pay Columbia. All the issues in both the Harrison Township and MVA matters and the present case stem from the same construction project. Had Harrison Township paid Columbia, Columbia could have paid its subcontractors, including MVA, who then could have paid plaintiff. The chief judge properly found that the present case arose from the same transaction or occurrence as the Harrison Township and MVA matters previously assigned to Judge Chrzanowski. Further, plaintiff is required to show prejudice as a result of the improper assignment but has failed to do so. *McCline, supra* at 134.

Plaintiff also argues that the fact that Judge Chrzanowski created the appearance of impropriety when she issued an opinion and order in this case less than a week after the chief judge reassigned the case to her without any notice to the parties. Plaintiff states that "in making this argument National Waterworks (plaintiff) does not mean to suggest there was an actual impropriety when this case was reassigned . . . . Rather, under the circumstances of this case . . . [it] certainly creates an appearance of impropriety before a litigant who may not have regular dealings with the court." Plaintiff has not provided, and we have not located, any caselaw or

statute that would allow us to reverse an order of reassignment of a judge when there was no actual impropriety, but merely a party's perceived appearance of impropriety.

In sum, none of plaintiff's arguments regarding the reassignment of this case from Judge Foster to Judge Chrzanowski has merit, and the chief judge did not abuse his discretion in reassigning the case. MCR 8.111(C); *Maldonado, supra; Babcock, supra.*

III

Plaintiff asserts that the trial court's determination that plaintiff does not have a claim against defendant for payment under the surety bond is not supported by law or fact. The trial court gave two reasons for denying plaintiff's motion for summary disposition and granting defendant's motion for summary disposition: (1) Columbia is not yet required to pay MVA; therefore, plaintiff has no claim under the bond and (2) plaintiff failed to satisfy the preliminary notice requirements of the bond. This Court reviews de novo a trial court's decision on a motion for summary disposition for clear error. *Spiek v Dep't of Transportation,* 456 Mich 331, 337; 572 NW2d 201 (1998). This Court reviews for clear error a trial court's determination of whether a plaintiff has strictly complied with the notice requirements of a public works bond statute. *Tempco Heating & Cooling, Inc v A Rea Constr, Inc,* 178 Mich App 181, 191; 443 NW2d 486 (1989).

Our review of the record reveals that plaintiff sent a letter on October 8, 2004, to Harrison Township giving the township preliminary notice that plaintiff was furnishing materials for MVA to install at the new fire station. However, plaintiff last furnished materials to MVA for the project on November 18, 2004. The surety

bond between defendant and Columbia contains the following relevant notice provisions in paragraph four:

> 4 The Surety shall have no obligation to Claimants under this bond until:
>
> 4.2 Claimants who do not have a direct contract with the Contractor:
>
> .1 Have furnished written notice to the Contractor and sent a copy or notice thereof, to the Owner, within 90 days after having last performed labor or last furnished materials or equipment included in the claim stating, with substantial accuracy, the amount of the claim and the name of the party to whom the materials were furnished or supplied or for whom the labor was done or performed; and
>
> .2 Have either received a rejection in whole or in part from the Contractor, or not received within 30 days of furnishing the above notice any communication from the Contractor by which the Contractor has indicated the claim will be paid directly or indirectly; and,
>
> .3 Not having been paid within the above 30 days, have sent a written notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and enclosing a copy of the previous written notice furnished to the Contractor.

In particular, plaintiff argues that, although the notice may have seemed premature because it sent the letter before it last furnished materials, the notice constituted substantial compliance with the notice requirements. Plaintiff cites *Fischer-Flack, Inc v Church-field*, 180 Mich App 606; 447 NW2d 813 (1989), in which this Court determined that, under the Construction Lien Act, MCL 570.1101 *et seq.*, the plaintiff had substantially complied with the notice requirements of the Construction Lien Act even though it had provided notice before it had finished furnishing materials on the project. Plaintiff also cites several federal cases involv-

ing the Miller Act, 40 USC 3133, that stand for the proposition that notice issued while a subcontractor or materialman is still furnishing materials or providing services on a public project is adequate notice under the bond.

But a previous panel of this Court has specifically rejected the very same arguments advanced by plaintiff. In *Square D Environmental Corp v Aero Mechanical, Inc*, 119 Mich App 740; 326 NW2d 629 (1982), the sole issue on appeal was whether, as a prerequisite for recovering under a payment bond pursuant to the statute governing bonds of contractors for public buildings and works, MCL 129.201 *et seq.*, a subcontractor needs to strictly comply with the provisions of that statute. This Court held that the trial court did not err in concluding that the law of this state requires strict construction of the public bond act. *Id.* at 744. The *Square D* Court dismissed arguments similar to those made by plaintiff in the present case, stating:

> Plaintiff argues that by analogy to the Michigan mechanics' lien act, MCL 570.1 *et seq.*; MSA 26.281 *et seq.*, and the federal projects bonding act, 40 USC 270(a) *et seq.*, both of which are liberally construed, the public bond statute at issue should also be liberally construed. The mechanics' lien act specifically states it is to be liberally construed. MCL 570.27; MSA 26.307.
>
> The analogy to the mechanics' lien act is unpersuasive because of the difference in the applicable areas of the law involved. Mechanics' liens have been statutorily provided since 1827 and furnished protection for large and small businessmen against sophisticated and unsophisticated customers. As a result of the nature of the transactions, often very unbusinesslike, the act must be liberally construed. Municipal law, on the other hand, is highly regulated by nature and governed by contracts and statutes which precisely define the rights and remedies of the parties. Liberal construction, therefore, is unnecessary as

the parties need only follow the specific step-by-step pro-
cedures enacted to protect their interests.

The federal public bond act has been liberally construed
by the federal courts since well before the 1973 amendment
of the Michigan public bond statute. *American Surety Co v
Lawrenceville Cement Co,* 110 F 717, 719 (D Me, 1901). The
Michigan Legislature was aware, or should have been, of
the liberal interpretation given the federal act, but chose
not to specify that the state act be liberally construed. [*Id.*
at 743-744.]

The substantial-compliance argument advocated by
plaintiff is contrary to established caselaw; we therefore
conclude that strict compliance with the bond was
required in this case. For this reason, the October 8,
2004, letter failed to satisfy the preliminary notice
requirement under the bond because it was premature.

Plaintiff also argues that, even if the October 8, 2004,
letter failed to satisfy the preliminary notice require-
ment under the bond, letters sent February 11, 2005,
and February 28, 2005, do satisfy the notice require-
ment. However, plaintiff merely announces that the
February 11, 2005, and February 28, 2005, letters
satisfy the notice requirement in a two sentence para-
graph in its brief on appeal and provides no supporting
analysis. A party may not merely announce a position
and leave it to this Court to discover and rationalize the
basis for the claim. *In re Pensions of 19th Dist Judges
Under Dearborn Employees Retirement Sys,* 213 Mich
App 701, 707; 540 NW2d 784 (1995). When a party
merely announces a position and provides no authority
to support it, we consider the issue waived. *Mudge v
Macomb Co,* 458 Mich 87, 104-105; 580 NW2d 845
(1998). However, were we to address this issue, we
would conclude that the February 11, 2005, letter alone
did not satisfy the second 30-day notice requirement in
the bond. And we would decline to review the February

28, 2005, letter because it was not part of the evidence before the trial court. *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002).

Affirmed.