# STATE OF MICHIGAN

# COURT OF APPEALS

CITIMORTGAGE, INC.,

Plaintiff-Appellee,

v

JOSEPH M. SCOTT and ANNETTE SCOTT,

Defendants-Appellants.

UNPUBLISHED
February 9, 2016

No. 324211
Ingham Circuit Court
LC No. 14-000163-CH

Before: BOONSTRA, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendants appeal as of right the circuit court's order granting plaintiff's motion for summary disposition and entering a judgment for judicial foreclosure. For the reasons stated below, we affirm.

Defendant Joseph Scott obtained a mortgage loan in September 2008 in order to purchase real property in Holt, Michigan. In August 2010, the mortgage was assigned to plaintiff. Defendants subsequently defaulted under the terms of the mortgage, and, in February 2014, plaintiff filed a complaint for judicial foreclosure. In their answer to the complaint, defendants did not address plaintiff's allegations or assert affirmative defenses. Rather, they outlined their communications with plaintiff regarding their attempt to obtain a loan modification. After receiving evasive responses to its discovery requests, plaintiff brought a motion to compel discovery and defendants were ordered to supplement their discovery. Simultaneously with its motion to compel discovery, plaintiff moved for summary disposition pursuant to MCR 2.116(C)(9) (failure to state a valid defense) and (C)(10) (failure to create a genuine issue of material fact). After a hearing, the circuit court granted plaintiff summary disposition and entered a judgment of foreclosure.

This Court reviews de novo a ruling on a motion for summary disposition. *Radu v Herndon & Herndon Investigations, Inc*, 302 Mich App 363, 373; 838 NW2d 720 (2013). Defendants did not present any of the issues they raised on appeal to the circuit court. Therefore, they are not properly before this Court. *Allen v Keating*, 205 Mich App 560, 564-565; 517 NW2d 830 (1994) ("Appellate review is limited to issues actually decided by the trial court."). Nonetheless, "this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution

-1-

have been presented[.]" *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). Unpreserved issues are reviewed for plain error affecting substantial rights. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 532; 866 NW2d 817 (2014).

Defendants first argue that the circuit court erred in granting plaintiff summary disposition before the date set by the court for defendants to supplement their discovery responses. "Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 24-25; 672 NW2d 351 (2003). "However, summary disposition may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Id*. at 25.

Judicial foreclosures are governed by MCL 600.3101 *et seq.*, and are "equitable in nature." MCL 600.3180. Here, even if we set aside defendants' failure to preserve these issues, we conclude that the circuit court did not err by granting summary disposition before the date set by the court for defendants to submit their supplemental discovery response. A motion for summary disposition is prematurely granted only if there is incomplete discovery on a "disputed issue." *Peterson Novelties, Inc*, 259 Mich App at 24-25. Discovery was originally set to be completed in July. Defendants did not engage in any discovery of their own, they answered the vast majority of plaintiff's discovery requests with generic objections, and they did not respond to plaintiff's motion to compel discovery. In other words, defendants did not dispute any issues before the circuit court, nor did they explain how their supplemental discovery answers would have created a genuine question of fact. Therefore, the circuit court did not err in granting plaintiff's motion for summary disposition and entering a judgment of foreclosure.

Defendants also suggest that the circuit erred in entering a judgment of foreclosure because plaintiff made negligent misrepresentations and violated consumer protection laws during the pendency of the foreclosure proceedings.[1] Defendants support these allegations by attaching e-mails and correspondences with plaintiff to their appellate brief. However, our review is limited to the lower court record which cannot be expanded on appeal. *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 659 NW2d 783 (2002). Based on the record before us, these assertions are without merit.

---

[1] Judicial foreclosures are "equitable in nature." MCL 600.3180. A well-established equity principle is " 'that one who seeks the aid of equity must come in with clean hands.' " *Rose v Nat'l Auction Group, Inc*, 466 Mich 453, 463; 646 NW2d 455 (2002), quoting *Stachnik v Winkel*, 394 Mich 375, 382; 230 NW2d 529 (1975). The doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Id*. (internal quotation marks and citations omitted). To determine whether a party has clean hands, "the primary factor to be considered is whether the plaintiffs sought to mislead or deceive the other party, not whether that party relied upon plaintiff's misrepresentations." *Id*. at 387.

Defendants argue that plaintiff violated MCL 600.3206 by pursuing foreclosure while their loss mitigation application was pending. However, MCL 600.3206, which was repealed effective June 19, 2014, by 2014 PA 125, did not prohibit foreclosure proceedings while a loss mitigation application was pending. MCL 600.3206 required certain foreclosing parties, including plaintiff, to designate a person responsible for loss mitigation procedures who, amongst other things, would send a written notice to delinquent borrowers alerting them of their right to request a loan modification or to have a meeting with the designated individual. If the borrower requested a meeting, foreclosure proceedings could not be commenced until that meeting occurred. There was no language in the statute indicating that a submitted loss mitigation application prohibited foreclosure activity. Defendants' argument that plaintiff violated MCL 600.3206 by pursuing foreclosure while their loss mitigation application was pending is not supported by the record.

Finally, defendants argue that the judgment of foreclosure violated their statutory right of redemption but do not explain the basis for that assertion. "A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim." *Nat'l Waterworks, Inc v Int'l Fidelity & Surety, Ltd*, 275 Mich App 256, 265; 739 NW2d 121 (2007). In any event, we fail to see how the judgment violated defendants' statutory right of redemption.

Affirmed.


/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray