# STATE OF MICHIGAN

# COURT OF APPEALS

---

DOROTHY HAWTHORNE-BURDINE,

  Plaintiff-Appellant,

v

ERIC FREEDMAN,

  Defendant-Appellee.

UNPUBLISHED
April 19, 2018

No. 338285
Oakland Circuit Court
LC No. 2017-157239-CZ

---

Before: SERVITTO, P.J., and MARKEY and O'CONNELL, JJ.

PER CURIAM.

In this tort action alleging libel and invasion of privacy, plaintiff appeals as of right the trial court's opinion and order granting summary disposition in defendant's favor pursuant to MCR 2.116(C)(10). We affirm.

Plaintiff's claims arise from an article written by defendant, a freelance journalist, summarizing the dismissal of plaintiff's lawsuit against her former employer, Oakland University (the university), in federal court. Plaintiff was an associate professor of nursing at the university. During the 2013-2014 school year, the last of plaintiff's four-year contract with the university, she was escorted off campus by university police and was ordered to undergo independent medical examinations. The university's "Behavioral Concerns Committee" determined that plaintiff posed a "safety threat" based on an audio recording of her made by one of her students. According to plaintiff, she and her union filed a grievance and eventually obtained a favorable ruling from an arbitrator. The university decided that it would not reemploy plaintiff and that her employment would terminate upon expiration of her contract in August 2014.

In September 2015, plaintiff filed a complaint against the university and others in federal district court, alleging various claims of discrimination. On January 27, 2016, the federal court dismissed plaintiff's claims. *Hawthorne-Burdine v Oakland Univ*, 158 F Supp 3d 586 (ED Mich, 2016). On February 14, 2016, defendant published an article, "Judge Sides with Oakland University in Bias Suit," on the website for the magazine *Diverse Issues in Higher Education*.

The article provided in its entirety as follows:

A former nursing faculty member who was barred from the Oakland University campus for behavioral reasons and had her contract terminated has lost her race, age, and diabetes-related discrimination suit.

A federal judge in Detroit found an insufficient basis for Dr. Dorothy Hawthorne-Burdine's claims.

In 2010, Oakland University hired Hawthorne-Burdine, who is African-American, as an associate professor. However, during her first year there, "things quickly soured between her and the School of Nursing staff," Judge Gershwin Drain wrote in dismissing the case.

Specifically, she came under criticism for her "confrontational behavior toward administration staff," refusal to complete required paperwork and "performance deficiencies," Drain said.

According to the university, more "adversarial incidents" followed, including verbal abuse, "explosive behavior" and calling the associate dean a "bitch."

In June 2011, the campus police investigated reports from staff members that Hawthorne-Burdine was so aggressive that colleagues felt uncomfortable and afraid and that she had threatened a coworker.

In September 2013, a student recorded Hawthorne-Burdine's 22-minute monologue about grading and student incivility. That led to a decision by the Behavioral Concerns Committee that she be barred from campus with full pay and benefits pending a neurological and psychological assessment. She was 61 at the time.

Meanwhile two tenure-review advisory committees unanimously recommended denial of tenure based on her lack of peer-review publications during the review committee and lack of leadership contributions. The board of trustees denied tenure.

She sued under Title VII, the Americans with Disabilities Act and the Age Discrimination in Employment Act.

In his decision, Drain ruled that Oakland, as a state institution, is immune from liability for damages on ADA and ADEA claims and that the court cannot grant the type of broad injunction she requested.

As for race discrimination, he said Oakland "provided a legitimate, non-discriminatory reason" for termination because she "had not published in a decade, was rejected for the majority of grants for which she applied and received inconsistent teaching evaluations from students."

Plaintiff averred that the same article also appeared the next day on a different website.

In February 2017, plaintiff brought the instant action alleging defamation (libel per se) and invasion of privacy (false light) and seeking damages and injunctive relief. She identified numerous statements in the article that she maintained were false and averred that defendant was negligent in determining the truth of those statements. Defendant moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (C)(10), maintaining that his article fairly and accurately summarized the federal court's decision. He provided an affidavit stating that he relied solely on the court's opinion in writing the article. Defendant argued that plaintiff's libel claim failed as a matter of law because MCL 600.2911(3) provides a privilege for reports of matters of public record, including judicial decisions. He also contended that plaintiff's claims failed because plaintiff could not prove the falsity of the published statements. Defendant provided a "side by side comparison" of the purportedly false statements in his article and the sources for those statements in the federal court's opinion. Plaintiff opposed defendant's motion, arguing that "nearly every sentence" written by the federal court regarding the background of the case was "one-sided and false."

In April 2017, the trial court issued an opinion and order granting defendant's motion for summary disposition. The Court determined that defendant "merely summarized" the federal court's opinion and that the undisputed evidence established that plaintiff was "not entitled to damages on her libel claim" under MCL 600.2911(3). The court also noted that it "entirely fail[ed] to see how Defendant's publication attributed to Plaintiff characteristics, conduct, or beliefs that were false and placed Plaintiff in a false position."

We review de novo a trial court's decision to grant summary disposition. *Local Area Watch v Grand Rapids*, 262 Mich App 136, 142; 683 NW2d 745 (2004). MCR 2.116(C)(10) allows a trial court to grant summary disposition when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." In evaluating a motion for summary disposition brought under MCR 2.116(C)(10), "a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Once the moving party supports its position through the aforementioned documentary evidence, the burden "shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996).

"The existence of a privilege that immunizes a defendant from liability for libel is a question of law that this Court determines de novo." *Northland Wheels Roller Skating Ctr, Inc v Detroit Free Press, Inc*, 213 Mich App 317, 324; 539 NW2d 774 (1995). We must also make an independent review of the record to ensure that defendant's First Amendment right of free expression is not violated. *Edwards v Detroit News, Inc*, 322 Mich App 1, 4; ___ NW2d ___ (2017) (Docket No. 334058); slip op at 6.

MCL 600.2911 provides a cause of action for libel. Libel is a type of defamation, see *Black's Law Dictionary* (7th ed), and "may be defined as a statement of and concerning the plaintiff which is false in some material respect and is communicated to a third person by written

or printed words and has a tendency to harm the plaintiff's reputation," *Fisher v Detroit Free Press, Inc*, 158 Mich App 409, 413; 404 NW2d 765 (1987).

> The elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication. [*Mitan v Campbell*, 474 Mich 21, 24; 706 NW2d 420 (2005).]

A slight or minor inaccuracy in a publication does not establish falsity for defamation purposes. See *Collins v Detroit Free Press, Inc*, 245 Mich App 27, 33-34; 627 NW2d 5 (2001). "Rather, substantial truth is an absolute defense to a defamation claim." *Id*. at 33.

Furthermore, MCL 600.2911(3) contains what is known as the "fair reporting privilege." *Northland Wheels*, 213 Mich App at 323. MCL 600.2911(3) provides, in part:

> If the defendant in any action for slander or libel gives notice in a justification that the words spoken or published were true, this notice shall not be of itself proof of the malice charged in the complaint though not sustained by the evidence . . . . *Damages shall not be awarded in a libel action for the publication or broadcast of a fair and true report of matters of public record, a public and official proceeding, or of a governmental notice, announcement, written or recorded report or record generally available to the public, or act or action of a public body, or for a heading of the report which is a fair and true headnote of the report.* This privilege shall not apply to a libel which is contained in a matter added by a person concerned in the publication or contained in the report of anything said or done at the time and place of the public and official proceeding or governmental notice, announcement, written or recorded report or record generally available to the public, or act or action of a public body, which was not a part of the public and official proceeding or governmental notice, announcement, written or recorded report or record generally available to the public, or act or action of a public body. [Emphasis added.]

In order for the privilege to apply, "the report must 'substantially represent' the public record or other pertinent matter." *Bedford v Witte*, 318 Mich App 60, 66; 896 NW2d 69 (2016), quoting *Northland Wheels*, 213 Mich App at 325.

Plaintiff first argues that the trial court erred in granting defendant summary disposition on her libel claim. She does not, however, address the basis for the court's ruling on that matter, which is that her claim for damages was barred by MCL 600.2911(3). When an appellant fails to address a basis of the trial court's ruling, this Court "need not even consider granting" the requested relief. *Joerger v Gordon Food Serv, Inc*, 224 Mich App 167, 175; 568 NW2d 365 (1997); see also *Menard, Inc v Escanaba*, 315 Mich App 512, 521 n 3; 891 NW2d 1 (2016) ("On appeal, in order for the appellant to receive relief, it has the burden to demonstrate that the lower court erred as governed by the relevant standard of review."). Accordingly, plaintiff is not entitled to appellate relief on this issue.

Nonetheless, the trial court correctly concluded that the privilege conferred by MCL 600.2911(3) applies to plaintiff's libel claim. A published judicial opinion and order is clearly a public record,[1] and plaintiff does not suggest otherwise. Indeed, MCL 600.2911(3) originated from "[t]he common-law privilege to report judicial proceedings . . . ." *Rouch v Enquirer & News of Battle Creek*, 427 Mich 157, 164-165; 398 NW2d 245 (1986). Furthermore, defendant's article is patently a fair and true report of the judicial decision. Although plaintiff suggests—without presenting documentary support—that the federal court's opinion *itself* contained misrepresentations, it is clear from the context of the article that its statements were drawn directly from the federal court's opinion and were not defendant's own assertions of fact. See *Ghanam v Does*, 303 Mich App 522, 546; 845 NW2d 128 (2014) ("The context and forum in which statements appear . . . affect whether a reasonable reader would interpret the statements as asserting provable facts."). To the extent that there is any minor discrepancy between the article and the opinion, it cannot be said that the article does not "substantially represent" the opinion. *Bedford*, 318 Mich App at 66 (quotation marks and citation omitted). And, again, plaintiff does not suggest otherwise.[2] Defendant's article falls squarely within the parameters of the privilege set out in MCL 600.2911(3). Accordingly, the trial court correctly granted defendant summary disposition on plaintiff's libel claim.

Plaintiff also argues that the trial court erred in granting defendant summary disposition on her invasion of privacy claim. "Michigan has long recognized [invasion of privacy] as a common-law tort." *Lewis v LeGrow*, 258 Mich App 175, 183; 670 NW2d 675 (2003). The pertinent type of invasion of privacy alleged in this case is "[p]ublicity which places the plaintiff in a false light in the public eye." *Battaglieri v Mackinac Ctr for Pub Policy*, 261 Mich App 296, 300; 680 NW2d 915 (2004), quoting *Tobin v Civil Serv Comm*, 416 Mich 661, 672; 331 NW2d 184 (1982) (emphasis removed). "In order to maintain an action for false-light invasion of privacy, a plaintiff must show that the defendant broadcast to the public in general, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position." *Duran v Detroit News, Inc*, 200 Mich App 622, 631-632; 504 NW2d 715 (1993).

The "gravamen" of a false-light invasion of privacy claim is that the information broadcast by the defendant and attributed to the plaintiff was *false*. *Battaglieri*, 261 Mich App at 303-304. However, as discussed above, there is simply no genuine issue of material fact

---

[1] See, e.g., MCR 8.119. See also *Southern Cross Overseas Agencies, Inc v Wah Kwong Shipping Group Ltd*, 181 F3d 410, 426-427 (CA 3, 1999) (noting that courts may take judicial notice of public records, including judicial opinions). "Though not binding on this Court, federal precedent is generally considered highly persuasive when it addresses analogous issues." *Wilcoxon v Minnesota Mining & Mfg Co*, 235 Mich App 347, 360 n 5; 597 NW2d 250 (1999).

[2] Plaintiff also suggests, without citation to authority (and we are aware of none), that defendant had a duty to interview plaintiff before publishing his case summary. "A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim." *Nat'l Waterworks, Inc v Int'l Fidelity & Surety, Ltd*, 275 Mich App 256, 265; 739 NW2d 121 (2007).

concerning the accuracy of defendant's report of the federal court's opinion. Plaintiff asserts that certain salient facts were not included in the recitation of facts in the federal court's opinion, and that defendant omitted from his article the fact—as stated in the opinion—that plaintiff denied calling the associate dean a "bitch." Defendant, however, qualified his report of that portion of the opinion by noting that this fact was "[a]ccording to the university"; in other words, defendant was clearly portraying the university's position in the federal litigation—as presented by the federal court—and was not presenting those matters as fact. In sum, plaintiff has failed to establish the existence of a genuine issue of material fact concerning whether defendant's case summary accurately conveyed the substance of the federal court's published opinion. Accordingly, the trial court correctly granted defendant summary disposition on plaintiff's invasion of privacy claim.

Finally, we note that defendant requests appellate sanctions. Because, however, defendant has not filed a motion for sanctions in accordance with MCR 7.211(C)(8), the matter is not properly before this Court, and we therefore deny the request without prejudice. See *Barrow v Detroit Election Comm*, 305 Mich App 649, 683-684; 854 NW2d 489 (2014).

Affirmed.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Peter D. O'Connell

-6-