*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CARING 4 LOVED ONES, INC.,

      Plaintiff-Appellant,

and

LENEA HARDIMAN,

      Intervening Plaintiff,

v

AUTO CLUB INSURANCE ASSOCIATION,

      Defendant-Appellee.

UNPUBLISHED
March 28, 2019

No. 341217
Oakland Circuit Court
LC No. 2016-155753-NF

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(8). We reverse and remand.

## I. FACTS

Plaintiff, Caring 4 Loved Ones, Inc., is a healthcare service provider owned and operated by intervening plaintiff Lenea Hardiman. Since 1987, plaintiff has provided nursing and attendant care for sisters Loralee and Amy Ruth Cooper after both girls were left disabled as a result of severe brain injuries sustained in a car accident. On December 21, 2016, after the Coopers' mother passed away, Hardiman petitioned for and was granted legal guardianship of the sisters.

On October 27, 2016, plaintiff initiated the present action against the Coopers' insurer, defendant Auto Club Insurance Association, seeking to recover no-fault personal injury protection benefits (PIP benefits) allegedly owed for plaintiff's services. On June 28, 2017, defendant filed a motion for summary disposition under MCR 2.116(C)(8), on the basis of our Supreme Court's May 25, 2017, holding in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins*

*Co*, 500 Mich 191, 195; 895 NW2d 490 (2017), that healthcare providers do not have an independent statutory right to bring an action against an insurer for payment of no-fault benefits. Accordingly, defendant argued that plaintiff lacked standing to proceed with its action against defendant. Ultimately, on August 4, 2017, the trial court granted defendant's motion for summary disposition on the basis of *Covenant* and dismissed plaintiff's suit for no-fault benefits.

Before the trial court dismissed plaintiff's action, Hardiman filed a motion to intervene in the action as a party plaintiff, which the trial court granted on August 3, 2017. Hardiman brought the intervening complaint, which was largely identical to plaintiff's complaint, in her capacity as the Coopers' legal guardian and sought payment by defendant of first-party, no-fault PIP benefits. On August 10, 2017, defendant moved for summary disposition under MCR 2.116(C)(8) with respect to Hardiman's intervening complaint. On August 17, 2017, Hardiman filed a first amended intervening complaint as a matter of right under MCR 2.118(A)(1). The first amended intervening complaint was identical to the original complaint with the exception that it corrected the date on which Hardiman became the Coopers' legal guardian. On August 22, 2017, defendant re-filed its motion for summary disposition with respect to the first amended intervening complaint.

On August 17, 2017, plaintiff filed a motion for reconsideration of the trial court's order dismissing its complaint. Plaintiff argued that, although healthcare providers have no standing to pursue no-fault benefits under *Covenant*, plaintiff acquired the Coopers' claim to benefits through an Assignment of Rights agreement executed by Hardiman, as the sisters' legal guardian, on June 29, 2017. Plaintiff therefore requested that the trial court amend its previous order of dismissal in order to grant plaintiff the opportunity to file an amended complaint under MCR 2.116(I)(5). On October 13, 2017, the trial court granted plaintiff's motion for reconsideration and directed plaintiff to file an amended complaint by October 18, 2017.

On October 17, 2017, one day before plaintiff's amended complaint was to be filed with the trial court, Hardiman filed a document entitled "Second Amended Intervening Complaint," which included allegations concerning Hardiman's assignment to plaintiff of the right to pursue collection of first-party no-fault benefits. Though the preamble of the second amended intervening complaint indicated it was submitted solely by Hardiman, the substance was pleaded and relief was requested jointly on behalf of both Hardiman and plaintiff.

On October 30, 2017, the trial court sua sponte entered an order striking the second amended intervening complaint pursuant to MCR 2.115(B) on the ground that it was filed without leave in violation of MCR 2.118(A)(2). Additionally, the trial court entered a separate order on October 30, 2017, granting defendant's motion for summary disposition with respect to Hardiman's first amended intervening complaint. The trial court found that, as a healthcare provider, Hardiman had no statutory cause of action against defendant under *Covenant*. In dismissing Hardiman's first amended intervening complaint in its entirety, the order stated that it resolved the last pending matter and closed the case, providing the following footnote:

> The Court notes that, although the Court granted [plaintiff's] Motion for Reconsideration of the Opinion and Order dated August 4, 2017 granting Defendant's Motion for Summary Disposition for the limited purpose of allowing [plaintiff] to file a First Amended Complaint against Defendant herein (see Order

dated October 13, 2017), [plaintiff] failed to file said First Amended Complaint as ordered by the Court by October 18, 2017. Consequently, there being no other pending matters before this Court, this Order resolves the last pending claim and closes the case.

On November 1, 2017, Hardiman moved for clarification and to set aside the trial court's order striking the second amended intervening complaint. Specifically, Hardiman argued that *plaintiff*[1] timely filed the second amended intervening complaint in accordance with the trial court's October 13, 2017, order granting plaintiff's motion for reconsideration. On November 2, 2017, the trial court denied this motion, finding that Hardiman relied upon a court order "permitting [plaintiff] to file a First Amended Complaint, not [Hardiman]."

On November 6, 2017, plaintiff moved for leave to file an amended complaint. In its motion, plaintiff noted that the trial court denied its previous motion for clarification on the ground that plaintiff mistakenly and erroneously amended the intervening complaint. Consequently, plaintiff sought leave to correct its error and to submit the appropriate amended complaint. On November 11, 2017, the trial court denied plaintiff's motion for lack of jurisdiction, as the trial court had already entered a final order resolving the last pending claim and closing the case.

Plaintiff now appeals from the trial court's October 30, 2017, order dismissing plaintiff's claim and closing the case. According to plaintiff, the second amended intervening complaint was timely filed and, in substance, precisely complied with the trial court's October 13, 2017, order. However, plaintiff maintains it made a simple clerical error by amending the intervening complaint rather than the original complaint, a minor error that easily could have been corrected had the trial court explained its basis for striking the second amended intervening complaint and dismissing all claims.

## II. ANALYSIS

On appeal, plaintiff argues that the trial court abused its discretion by dismissing the action sua sponte after determining that plaintiff failed to comply with the order imposing a deadline by which to file an amended complaint. After initially dismissing plaintiff's complaint for failure to state a claim under MCR 2.116(C)(8), the trial court granted plaintiff's motion for reconsideration and permitted plaintiff an opportunity to amend its complaint, in accordance with MCR 2.116(I)(5) ("If the grounds asserted [for summary disposition] are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified"). Due to a misnomer in the title and preamble of plaintiff's amended complaint, the trial court determined that plaintiff failed to timely file an amended complaint. However, there is no provision in either MCR 2.116 or 2.118 permitting a trial court sua sponte to dismiss

---

[1] Although Hardiman, and not plaintiff, technically filed the motion for clarification, the substance of the motion treated Hardiman and plaintiff collectively and clearly sought relief on behalf of plaintiff.

an action for failure to timely file amendments to a complaint in accordance with a deadline arbitrarily imposed by a trial court. Thus, the trial court's authority to dismiss plaintiff's action is necessarily derived from MCR 2.504(B)(1), which permits a trial court to dismiss an action, upon motion by an opposing party or sua sponte, if a party fails to comply with either the Michigan Court Rules or a court order.

This Court reviews for an abuse of discretion a trial court's dismissal of an action under MCR 2.504(B)(1) for failure to comply with a court order. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). The abuse of discretion standard recognizes that the circumstances of a case may present more than one reasonable and principled outcome. *Id*. "An abuse of discretion occurs when the trial court chooses an outcome falling outside the principled range of outcomes." *Nat'l Waterworks, Inc v Int'l Fidelity & Surety, Ltd*, 275 Mich App 256, 258; 739 NW2d 121 (2007).

Dismissal under MCR 2.504(B)(1) is a "drastic step" that must be imposed with caution, as our legal system favors the disposition of actions on the merits. *Vicencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995). Therefore, before imposing the sanction of dismissal, the trial court must "carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Id*. at 506. In evaluating whether a trial court abused its discretion by dismissing an action for failure to comply with a court-imposed deadline by which to file an amended complaint, this Court has specifically considered the following factors:

> (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 631; 750 NW2d 228 (2008) (quotation marks and citation omitted).]

In the present case, the trial court abused its discretion by failing to consider less extreme sanctions than dismissal. Moreover, although the trial court did not examine the factors enumerated above, it is plain that these factors do not support the drastic sanction of dismissal. First, plaintiff's failure to file an amended complaint was accidental and not willful. Given the close relationship between plaintiff and Hardiman, plaintiff's owner, the line between these parties inadvertently became blurred in the filings made by their shared attorney. The record indicates that plaintiff's and Hardiman's counsel filed an amended complaint on October 17, 2017, by the deadline imposed by the trial court, but mistitled it an intervening complaint and mistakenly omitted plaintiff from the preamble. However, this amended complaint was correctly captioned[2] and was pleaded and requested relief jointly on behalf of both plaintiff and Hardiman

---

[2] Plaintiff and Hardiman were parties to the same action, to which the trial court assigned a single case number. Thus, the amended complaint filed on October 17, 2017, was properly captioned with the correct case number.

against the same defendant. Further, the substance of the amended complaint included allegations regarding the assignment-based theory of recovery proposed in plaintiff's motion for reconsideration. Thus, the record demonstrates that the defects in the amended complaint's title and preamble were simply the product of trial counsel's inadvertence and not willfulness.

Second, the record does not demonstrate any history on plaintiff's part of deliberate delay or refusal to comply with the trial court's orders. Indeed, aside from the defects in the title and preamble of the amended complaint, plaintiff otherwise complied with the trial court's order granting its motion for reconsideration by timely filing the amended complaint and by limiting the amendments to its assignment-based theory of recovery. Additionally, plaintiff filed timely responses to defendant's motions and timely sought reconsideration of the trial court's initial dismissal of its complaint. The record is also devoid of any motions alleging that plaintiff failed to comply with a court order.

Third, the record indicates that plaintiff's counsel, through filings made on behalf of both plaintiff and Hardiman, made numerous and timely attempts to cure the defect. Plaintiff maintains that when the trial court entered its October 30, 2017, order dismissing plaintiff's claim, counsel immediately made contact with the trial court's clerk's office in an effort to resolve any issues. Two days later, on November 1, 2017, Hardiman filed a motion for clarification and to set aside the order of dismissal. On November 6, 2017, four days after the trial court denied Hardiman's motion for clarification, plaintiff filed a motion for leave to file its amended complaint.

Fourth, defendant suffered no prejudice as a result of plaintiff's error. From the outset, both plaintiff and Hardiman asserted nearly identical claims in the same action against the same defendant. Defendant was made aware of the substance of plaintiff's proposed amendments to its complaint in plaintiff's motion for reconsideration, and the amended complaint filed on behalf of plaintiff was consistent with the theory advanced in the motion. Thus, defendant could not claim surprise or prejudice had the trial court imposed a lesser sanction than dismissal and permitted plaintiff to cure the defects in its amended complaint. Rather, defendant simply would have been placed in the same position it would have found itself in had plaintiff filed its amended complaint free of any error.

Under these circumstances, when each of the equitable considerations enumerated above favor plaintiff, the interests of justice weigh strongly in favor of imposing a less drastic sanction than dismissal and permitting plaintiff to cure the defects in its amended complaint. Accordingly, we find that the trial court abused its discretion by sua sponte dismissing plaintiff's claim.[3]

---

[3] Plaintiff also challenges the following three related trial court orders on appeal: the trial court's October 30, 2017, order striking the second amended intervening complaint; the November 2, 2017, order denying Hardiman's motion seeking clarification; and the November 9, 2017, order denying plaintiff's motion for leave to file an amended complaint. However, we need not address these arguments, as the relief requested is warranted for the reasons discussed above.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

---

Likewise, we need not address defendant's argument that this Court lacks jurisdiction over these three orders. Defendant does not contest either that the October 30, 2017, order of dismissal is a final order as defined by MCR 7.202(6) or that plaintiff is an aggrieved party for purposes of MCR 7.203(A).